
FILED
2010 Sep-21  PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH L. (HEATH) WINSTON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 5:09-CV-01488-LSC |
| | ] | |
| MICHAEL ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The claimant, Deborah L. (Heath) Winston ("Winston" or "Plaintiff"),

appeals from the decision of the Commissioner of the Social Security

Administration ("Commissioner") denying her application for supplemental

security income ("SSI").   Winston timely pursued and exhausted her

administrative remedies, and the decision of the Commissioner is ripe for

review pursuant to 42 U.S.C. § 1383(c)(3).

Winston was forty-one years old at the time of the Administrative Law

Judge's ("ALJ") decision, and she has at least a high school education.  (Tr.

at 17.)  Her past work experience includes employment as a deli worker, cashier, and fast food worker.  (*Id*.)  Winston claims that she became disabled on May 29, 2007, due to fibromyalgia, rheumatoid arthritis, asthma, migraines, and lupus.  (*Id*. at 46-47, 54.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. § 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. § 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's

impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.   20 C.F.R. § 416.920(a)(4)(iii).   If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).   If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.   20 C.F.R. § 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Winston has not engaged in substantial gainful activity since the alleged onset of her

disability.  (Tr. at 15.)   According to the ALJ, Plaintiff's fibromyalgia is considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, he found that this impairment neither meets nor medically equals any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id*. at 16.)   The ALJ determined that Winston has the residual functional capacity to perform a full range of sedentary work.  (*Id*.)

Using the testimony of a vocational expert, the ALJ determined that Winston would not be able to perform her past relevant work, but considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Winston can perform.  (Tr. at 17-18.)   The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since May 29, 2007, the date the application was filed."  (*Id*. at 18.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support

the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the

reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff alleges that the ALJ's decision should be reversed or remanded because the ALJ did not consider Plaintiff's excessive "absenteeism" when he concluded that Winston could perform other jobs that were available in significant numbers in the national economy.  (Doc. 8.)

"Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."  SSR 96-8p, 1996 WL 374184 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id., quoted in Kelley v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999).  Plaintiff does not present to the Court an actual record of "absenteeism."  Rather, Plaintiff argues that her record of thirty-two emergency room visits, in addition to inpatient hospital care, in a nearly

seventeen-month time period, shows that she would have missed thirty-five days of work, if she held a job.  When questioned whether missing thirty-five days of work in a nearly seventeen-month time period would be acceptable to an employer, the vocational expert testified that kind of attendance would typically result in termination.  (Tr. at 68.)

The Court has reviewed Plaintiff's medical records, however, and they do not support her claim that her impairments prevent her from working. The ALJ determined that only Winston's fibromyalgia constitutes a severe impairment.  Plaintiff has not established that many of the emergency room visits during the relevant time period were for medical reasons caused or related to her fibromyalgia.  For instance, Winston visited the emergency room for: a migraine headache (Tr. at 238-51); sore throat and fever (*id.* at 274-86); sinus pain, sore throat, congestion, and cough (*id.* at 300-12); a mild foot injury from being finned by a catfish (*id.* at 313-21); heartburn (*id.* at 1004-09); and hives or rashes (*id.* at 453-62, 463-71, 1010-18). Furthermore, a number of Winston's emergency room visits were less than a few hours long (*see, e.g.*, Tr. at 252-63, 264-73, 494-500, 501-09); took place "after hours" (*see, e.g., id.* at 264-73, 494-500, 501-09, 528-51);

and/or Plaintiff waited for days before visiting the emergency room and the visit was classified as "non-urgent," indicating the visit, if necessary, could have been made outside working hours (*see, e.g.*, *id.* at 252-63, 264-73; 596-608, 609-43).  These records also indicate that Winston was stable upon discharge, and there is no showing that Plaintiff could not have returned to work.  Substantial evidence supports the ALJ's decision that Plaintiff can perform a full range of sedentary work for eight hours a day, five days a week, or an equivalent work schedule, and there are a significant number of jobs in the national economy that Winston can perform.

IV.    Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this 21st day of September 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297